# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TRACY J. )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>ANDREW SAUL, Commissioner of the )<br>Social Security Administration, )<br>   Defendant. ) | CAUSE NO.: 2:18-CV-372-JVB |

## OPINION AND ORDER

Plaintiff Tracy J. seeks judicial review of the Social Security Commissioner's decision denying her claim for supplemental security income and asks this Court to remand the case. For the reasons below, the Court reverses the decision of the Commissioner of Social Security.

## PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income under Title XVI on June 18, 2015. After a video hearing on April 20, 2017, an Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of Parkinson's disease, chronic obstructive pulmonary disease, hyperthyroidism, fine tremor, headaches, fibromyalgia, depression, and anxiety. (AR 24). The ALJ found that Plaintiff is unable to perform any past relevant work. (AR 36). However, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (AR 37). Therefore, the ALJ found Plaintiff not disabled from June 18, 2015, through October 20, 2017, the date of the ALJ's decision. (AR 37-38). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to

conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [she] can perform [her] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ's decision should be reversed because the ALJ erred in evaluating the medical opinion evidence.

### A. Treating Physicians

For claims filed before March 27, 2017, as was Plaintiff's, a treating physician's medical opinion on the issues of the nature and severity of a claimant's impairments is to be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.

20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If controlling weight is not given, the regulations provide further guidance on how to evaluate medical opinions. *See* 20 C.F.R. § 416.929(c).

*1.     Dr. Odeluga*

Dr. Odeluga is one of Plaintiff's treating physicians. The ALJ, finding that Dr. Odeluga's opinion "appears extreme in comparison to the objective medical evidence," gave little weight to the opinion. (AR 33). The ALJ stated that Dr. Odeluga "failed to cite to any such evidence to support the limitations included in his opinion." *Id.* The ALJ also noted that Dr. Odeluga's opinion was, in part, based on Plaintiff's subjective complaints.

The ALJ faults Dr. Odeluga for not citing evidence to support the limitations of the opinion, but Dr. Odeluga, when asked to "state all clinical findings and medical test results and/or laboratory results," supplied the following: "She is obese with resting tremors of her R hand. She has spinous and paraspinous tenderness especially over her upper back with difficulty hopping, tandem walking, squatting or walking on her heels." (AR 287). Dr. Odeluga listed diagnoses of fibromyalgia, Parkinson's disease, hypothyroidism, depression, obesity, and COPD. *Id.* To support the opinion regarding Plaintiff's ability to stand and sit, Dr. Odeluga wrote, "She has significant multiple joint and muscle pain from her fibromyalgia, which affects her ability to stand for prolonged periods." (AR 289). To explain why Plaintiff at times needs to lie down during the day, Dr. Odeluga wrote, "She lies down for relie[f] from muscle pains and when she feels fatigue and exhausted." *Id.* In support of finding that Plaintiff's impairments prevent her from traveling alone, Dr. Odeluga noted, "She will have difficulty with handling her luggage and walking long distances where there is no handicap assistance. She uses an assistive device for support while walking." (AR 290).

The ALJ cites to multiple pages in the record after stating that the doctor's limitations appear extreme. The ALJ cites a referral form for an endocrinologist, (AR 389 (Ex. 3F/21)), a welcome letter from an endocrinology department, (AR 391 (Ex. 3F/23)), medical records from Dr. Odeluga that report "no pelvic pain," "no tremor," "no depressive symptoms" for one visit and "left side pelvic pain which now has radiated to the right side," "tremors to [extremities] x1 week," and "reports anxiety, depression and stress" for another, (AR 440-43 (Ex. 5F/14-17)), the first page of medical notes for "evaluation of hyperthyroidism and thyroid nodule," (AR 468 (Ex. 6F/23)), and several more pages of the record. The ALJ does not explain how the cited records show Dr. Odeluga's opinion to be extreme in comparison. Purported inconsistencies between a medical opinion and the objective medical evidence must be explained. *See Stage v. Colvin*, 812 F.3d 1121, 1126 (7th Cir. 2016). The necessary logical bridge is missing.

Additionally, there *is* support for Dr. Odeluga's opinion in the findings on these pages such as "generalized weakness, fatigue and poor balance," (AR 875 (Ex. 17F/2)); "neck pain that radiates down back," "weakness in upper exts," and "has [history of] tremors," (AR 941 (Ex. 20F/3)); and diagnoses of numbness, tingling, neck pain, generalized osteoarthritis of the hand, and anxiety, (AR 1104 (Ex. 39F/12)). A December 17, 2015, Encounter Report cited by the ALJ notes the following:

> [P]atient has been having tremors that started on the left side, tremors have gotten worse and are now also the right side, patient states that the tremors are constant and even when at rest, gets muscle fatigue during the short breaks in the tremors
>
> [P]atient complains of daily muscle spasms in the legs
>
> . . .
>
> [P]atient states that she has been having issues tripping over her own feet recently
>
> [C]omplains of arthritis pain in her shoulders, elbows, and from her knee down
>
> . . .

> [Patient] has neck pain that radiates down back
>
> [Patient] has weakness in upper exts

(AR 1104 (Ex. 39F/95)).

Finally, the ALJ's finding that Dr. Odeluga's opinion is based "at least in part" on Plaintiff's subjective complaints is no reason to discount the opinion. The ALJ does not state that Dr. Odeluga's opinion is solely based on Plaintiff's subjective reports, which may be a reason to discount an opinion. *See Winsted v. Berryhill*, 923 F.3d 472, 478 (7th Cir. 2019). There is no requirement for physicians to treat and diagnose their patients without hearing the patients' reports of symptoms. The ALJ found that Plaintiff has severe impairments of fibromyalgia, Parkinson's disease, hypothyroidism, depression, and COPD, which Dr. Odeluga listed as diagnoses for Plaintiff. These diagnoses could lead to the limitations that Dr. Odeluga opined to. The ALJ provided no sound basis on which to decline to give controlling weight to Dr. Odeluga's opinion, so this case must be remanded for further proceedings.

2.  *Dr. Okoro*

The ALJ assigned "partial weight" to the opinion of Dr. Okoro, Plaintiff's treating physician. The ALJ stated that Dr. Okoro's opinion "generally appears consistent with the objective medical evidence, which supports a limitation to sedentary work." (AR 32). But, the ALJ noted that "Dr. Okoro's use of phrases such as 'sometimes' is vague and he failed to fully answer numerous questions asked of him or provide references to objective medical evidence to support his opinion." *Id.* The ALJ did not provide any other reasons for not giving Dr. Okoro's opinions controlling weight.

First, Dr. Okoro answered "sometimes" to questions that were pre-filled with the answer choices "Yes" and "No." (AR 983). The questions were "Does the disability or impairment prevent the patient from standing for six to eight hours?" and "Does the disability or impairment prevent

the patient from sitting upright for six to eight hours?" *Id.* The answer provided indicates that Plaintiff cannot consistently stand or sit for six to eight hours. If the ALJ wanted more clarification, he could have requested it from Dr. Okoro. *See Barnett v. Barnhart* 381 F.3d 664, 669 (7th Cir. 2004) (finding that the ALJ should have contacted the treating physician for more detail instead of rejecting the opinion).

As with Dr. Odeluga's opinion, the ALJ faults Dr. Okoro for not providing references to objective medical evidence. This was improper, as Dr. Okoro listed clinical findings, medical test results, and laboratory results of thyroid ablation, Parkinson's with severe tremor, and fibromyalgia, and he listed diagnoses of paroxymol supraventricular tachycardia, Parkinson's, hypothyroidism, and asthma. (AR 982). Further, the ALJ himself stated that Dr. Okoro's opinion "generally appears consistent with the objective medical evidence." (AR 32). There is no reason here to discount Dr. Okoro's opinions.

It is true that Dr. Okoro did not answer some questions. However, this is no ground on which to discount the weight given to opinions on matters that were fully answered. Social Security Ruling ("SSR") 96-5p clarifies that "medical source statements may actually comprise separate medical opinions regarding diverse physical and mental functions, such as walking, lifting, seeing, and remembering instructions, and that it may be necessary to decide whether to adopt or not adopt each one." 1996 WL 374183, at *4 (July 2, 1996).[1] The ALJ has not provided sufficient reasons for denying controlling weight to Dr. Okoro's opinions. Remand is required on this basis as well.

### B. Parkinson's Disease Diagnosis

The ALJ wrote that only Dr. Odeluga mentioned a diagnosis of Parkinson's disease. (AR 31). First, this is factually incorrect. *See* (AR 982, 1002 (Dr. Okoro)); (AR 994 (Dr. Chinweze)).

---

[1] SSR 96-5p has been rescinded for claims filed on or after March 27, 2017. Plaintiff filed her claim on June 18, 2015.

Second, the ALJ himself found Parkinson's disease to be one of Plaintiff's severe impairments. Thus, there is no basis for the ALJ, in his decision, to cast doubt on whether Plaintiff has Parkinson's disease.

### C. Other Issues

Plaintiff also argues that the ALJ improperly denied controlling weight to the opinions of Dr. Kassar and Dr. Chinweze, that the ALJ gave short shrift to evidence from Plaintiff's treating nurse practitioner, and that the ALJ erred in assigning great weight to the state agency psychological consultants Dr. Horton and Dr. Gange but then finding Plaintiff to be less impaired than these doctors opined and not adopting Plaintiff's testimony regarding her symptoms despite the doctors finding her credible. Because the ALJ erred in assigning weight to the opinions of Dr. Odeluga and Dr. Okoro, this matter must be remanded for further administrative proceedings. On remand, the ALJ will have occasion to consider these matters anew.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief [DE 14], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on February 27, 2020.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT